UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:14-cv-22790-JAL

OTTMAN EL GHALEMI and all )
others similarly situated under )
29 U.S.C. 216 (B), )
)
      Plaintiff, )
)
vs. )
)
HEAVENLY SPIRITS INC, d/b/a )
ENSO MISS TAO BUCK 15 )
NAIRI KAUMYAN )
)
)
      Defendants. )
_____)

## DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF CLAIM

The Defendants, HEAVENLY SPIRITS INC, d/b/a ENSO MISS TAO BUCK 15 and NAIRI KAUMYAN (hereinafter, collectively referred to as the "DEFENDANTS"), by and through their undersigned counsel, hereby files its Response to the Plaintiff's Statement of Claim, and state:

1. The Defendants deny all allegations made in the Plaintiff's Statement of Claim.

2. The Plaintiff worked for the Defendant for a period of forty (40) days in 2010.

3. The Plaintiff did not work for the Defendants in 2011.

4. The Plaintiff worked for the Defendants from October 8, 2012 through June 22, 2014, although there were some workweeks during this period of time in which the Plaintiff did not work at all.

5. The Defendants assert that the Plaintiff did not work more than 40 hours in any

CASE NO.: 14-22790-CIV-LENARD/GOODMAN

workweek in 2012. All timesheets from 2012 evidencing the Plaintiff's hours of work are attached hereto and marked as Exhibit "A."

6. The Defendants assert that the Plaintiff did not work more than 40 hours in any workweek in 2013. All timesheets from 2013 evidencing the Plaintiff's hours of work are attached hereto and marked as Exhibit "B."

7. The Defendants assert that the Plaintiff did not work more than 40 hours in any work week in 2014. All timesheets from 2014 evidencing the Plaintiff's hours of work are attached hereto and marked as Exhibit "C."

8. The pay structure for the Plaintiff was as follows: the Plaintiff was paid his hourly rate from the mandatory service charges which collected from each customer. All excess service charges collected above the amount required to satisfy Florida's minimum wage, were paid to the Plaintiff in the form of cash, and the Plaintiff and was responsible for declaring and reporting these wages to the Internal Revenue Service. The Plaintiff also earned tips from customers who chose to leave a tip in addition to the mandatory service charge. The Plaintiff was responsible for declaring and reporting his earned tips, although not all of the tips that he collected were reported to the Defendants.

9. The Defendant's payroll records demonstrate that the Plaintiff was paid at least Florida's minimum wage per hour for all hours worked, with the exception of two (2) weeks. Copies of available payroll checks indicating the number of hours worked and hourly rate of pay are attached hereto and marked as Exhibit "D." An Employee Quick Report, which also demonstrates amounts paid to the Plaintiff, is also attached hereto and marked as Exhibit "E."

10. There are two weeks for which the Plaintiff was paid less than minimum wage due to an

CASE NO.: 14-22790-CIV-LENARD/GOODMAN

error in calculations, specifically the week ending December 8, 2013 and the week ending February 16, 2014.

11. The Defendants assert that there was an error with the December 8, 2013 paycheck as the Plaintiff was not on the schedule and did not record any hours that week. The payroll check indicates that the Plaintiff worked 24 hours, but this is contrary to the time records.

12. Should the Court find that the Defendants are liable for any amounts which would have been due for the week ending December 8, 2013, the Defendants assert that they are not liable for liquidated damages as this was merely a computation error and was not willful or intentional.

13. The Defendants assert that the Plaintiff was compensated for the unpaid wages for the week ending February 16, 2014, the following week, March 2, 2014. Specifically, the Plaintiff was paid $101.12 as "weekly pay" to remedy this error.

14. The Plaintiff earned an hourly wage which was derived from the service charges, plus excess service charges and tips, all of which equated to a rate of at least the Florida minimum wage for each hour worked.

15. The Defendants maintain that the Plaintiff was properly paid for every hour that he worked while employed by the Defendants and is not entitled to any additional compensation or liquidated damages.

16. The Defendants reserve the right to modify or amend this Response and/or supplement this Response with additional documents as needed.

CASE NO.: 14-22790-CIV-LENARD/GOODMAN

## CERTIFICATE OF SERVICE

I hereby certify that on September 5, 2014 I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

s/ Rebecca Radosevich
Rebecca Radosevich
Florida Bar No.: 91205
Serv529@LegalBrains.com
Rradosevich@LegalBrains.com
Jamie Alan Sasson
Florida Bar No.: 10802
Serve513@LegalBrains.com
Jsasson@LegalBrains.com
**THE TICKTIN LAW GROUP, P.A.**
600 West Hillsboro Boulevard
Suite 220
Deerfield Beach, Florida 33441-1610
Telephone: (954) 570-6757
Facsimile: (954) 570-6760
Attorneys for the Defendants

Our Matter No.: 14-0683

CASE NO.: 14-22790-CIV-LENARD/GOODMAN

## Service List
### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF FLORIDA
### CASE NO.: 14-22790-CIV-LENARD/GOODMAN

Jamie H. Zidell, Esquire
J.H. Zidell, P.A.,
zabogado@aol.com,
300 71st Street, Suite 605
Miami Beach, Florida 33141
Attorney for the Plaintiff

Daniel T. Feld
J.H. Zidell, P.A.
Danielfeld.esq@gmail.com,
300 71st Street, Suite 605
Miami Beach, Florida 33141
Attorney for the Plaintiff

Christopher Cochran, Esquire
J.H. Zidell, P.A.
CNC02G@gmail.com
300 71st Street, Suite 605
Miami Beach, Florida 33141
Attorney for the Plaintiff